United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50449
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

STEVEN ANDREW BERG

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:04-CR-268-ALL
--------------------

Before KING, Chief Judge, and WIENER and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Steven Andrew Berg appeals his conviction for possession with the intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 841. He argues that the prosecutor's closing argument improperly commented on his post-arrest, post-Miranda silence, in violation of Doyle v. Ohio, 426 U.S. 610 (1976), and that the error requires automatic reversal.

A prosecutor violates a defendant's due process rights by commenting on a defendant's post-arrest, post-Miranda warning

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

silence in an attempt to impeach the defendant's exculpatory testimony offered at trial. Doyle v. Ohio, 426 U.S. 610, 619-20 (1976). Contrary to Berg's assertion, the prosecutor's comments regarding his silently "looking straight ahead" reference his silence during secondary inspection, which silence occurred prior to any arrest and thus do not violate Doyle. See United States v. Musquiz, 45 F.3d 927, 930 (5th Cir. 1995).

Berg also objects to the prosecutor's comment on his failure to say anything after he was arrested and placed in a holding cell. Although the remark referenced Berg's post-arrest silence, there is no evidence in the record that Berg's silence at that point was induced by Miranda warnings, a prerequisite for a Doyle violation. See Doyle, 426 U.S. at 619-20. Even if a Doyle violation is assumed, however, the error was harmless given that the statement was not linked to the exculpatory statement Berg offered at trial, that the trial court sustained Berg's objection and gave a curative instruction, and that the evidence of Berg's guilt was overwhelming. See United States v. Rodriguez, 43 F.3d 117, 123 (5th Cir. 1995); United States v. Carter, 953 F.2d 1449, 1466 (5th Cir. 1992); Chapman v. United States, 547 F.2d 1240, 1247-48 (5th Cir. 1977).

The district court's judgment is AFFIRMED.